FILED

2014 MAY 12 PM 5:42
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
RIVERSIDE
BY: ___

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WELLS FARGO BANK, N.A., AS TRUSTEE FOR ABFC 2005-HE2 TRUST,<br><br>Plaintiff,<br><br>vs.<br><br>WILLIAM G. CERVANTES, JR., CECILLA R. CERVANTES, AND DOES 1 THROUGH 5, INCLUSIVE,<br><br>Defendants. | Case No. EDCV 14-0907-UA (DUTYx)<br><br>ORDER SUMMARILY REMANDING IMPROPERLY-REMOVED ACTION |

Jose Angel Torres ("Applicant") lodged a pro se Notice of Removal of State Court Action ("Notice of Removal") herein on May 6, 2014. Applicant also filed a request to proceed without prepayment of full filing fee ("IFP Request") on May 6, 2014.

After careful review and consideration of the allegations of the Notice of Removal, and pursuant to 28 U.S.C. Section 1915, the Court finds that the Applicant's allegations are frivolous and are not sufficient to state any claim as presently plead in the Notice of Removal.

///

1

1    The Court has screened the Notice of Removal prior to ordering service for
2 purposes of determining whether the action is frivolous or malicious; or fails to state
3 a claim on which relief may be granted; or seeks monetary relief against a party who
4 is immune from such relief.

5    In addition, the Court's screening of the Notice of Removal is governed by the
6 following standards. A complaint may be dismissed as a matter of law for failure to
7 state a claim for two reasons: (1) Lack of a cognizable legal theory; or (2)
8 insufficient facts under a cognizable legal theory. See Balistreri v. Pacifica Police
9 Dep't, 901 F.2d 696, 699 (9th Cir. 1990). Since the Applicant is appearing pro se, the
10 Court must construe the allegations of the Notice of Removal liberally and must
11 afford plaintiff the benefit of any doubt. See Karim-Panahi v. Los Angeles Police
12 Dep't, 839 F.2d 621, 623 (9th Cir. 1988). Moreover, in determining whether the
13 Notice of Removal states a claim on which relief may be granted, the Court must take
14 its allegations of material fact as true and must construe them in the light most
15 favorable to plaintiff. See Love v. United States, 915 F.2d 1242, 1245 (9th Cir.
16 1989). However, as the Supreme Court has held: "a [party's] obligation to provide
17 the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions,
18 and a formulaic recitation of the elements of a cause of action will not do. . . . Factual
19 allegations must be enough to raise a right to relief above the speculative level." Bell
20 Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929
21 (2007) (internal citations omitted).

22    As the Supreme Court has explained, to conform with the pleading
23 requirements of Fed. R. Civ. P. 8, "a complaint must contain sufficient factual matter,
24 accepted as true, to 'state a claim to relief that is plausible on its face'" (Ashcroft v.
25 Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009), quoting
26 Twombly 550 U.S. at 570), and "threadbare recitals of the elements of a cause of
27 action, supported by mere conclusory statements, do not suffice." (Id., citing
28 Twombly, 550 U.S. at 555). In elaborating on the requirements of Rule 8 that a

complaint must state sufficient facts to support a plausible (rather than a merely possible) cause of action, the Iqbal Court stated that "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not 'show[n]'- 'that the pleader is entitled to relief'" (Iqbal, 556 U.S. at 678, citing to Fed. R. Civ. P. 8(a)(2).)

Here, the underlying state action is a straight-forward unlawful detainer action, and therefore does not present a federal question. Even assuming that the defendants in that action intended to assert a federal defense to the state law claim, such action does not convert it to "arising under" federal law for purposes of federal question jurisdiction (see More-Thomas v. Alaska Airlines, Inc., 553 F.3d 1244 (9th Cir. 2009)). Moreover, the Applicant has not alleged complete diversity, as required by 28 U.S.C. § 1332.

The Court further notes that the Applicant is not named as a defendant (or in any capacity) in the underlying unlawful detainer action he seeks to remove. Applicant is a tenant at the subject premises and has filed a Claim of Right to Possession which was to be heard on March 26, 2014 in the superior court. Pursuant to 28 U.S.C. § 1446(a) "[a] defendant or defendants desiring to remove any civil action or criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." As Applicant is not a defendant in the action he seeks to remove - or even a party - there is no basis for removal.

For these reasons, defendant's IFP Request is DENIED.

IT IS ORDERED that (1) this matter be REMANDED to the Superior Court of California, Riverside County, 13800 Heacock Street, Riverside, CA 92553, for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1446(a); (2) that the Clerk

send a certified copy of this Order to the state court; and (3) that the Clerk serve copies of this Order on the parties.

IT IS SO ORDERED.

DATED: 5/9/14

GEORGE H. KING
CHIEF UNITED STATES DISTRICT JUDGE

Presented by:

David T. Bristow
United States Magistrate Judge